IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Tyrone Henderson, *et al.*,<br><br>   Plaintiff,<br><br>  v.<br><br>Trans Union, LLC, *et al.*,<br><br>   Defendants. | Civil Action No. 3:14-cv-000679-JAG |

**NON-PARTY BUSINESS INFORMATION GROUP, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Non-party Business Information Group, Inc. ("BIG"), by counsel, hereby respectfully submits this memorandum in support of its Motion to Quash, or in the Alternative for a Protective Order, Regarding the Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena," Exh. A) served by Plaintiff Tyrone Henderson ("Plaintiff").

**INTRODUCTION**

On October 20, 2016 – the eve of the conclusion of Phase II discovery in this action on October 31, 2016 – Plaintiff served BIG with two broad subpoenas: the Deposition Subpoena and a related Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena Duces Tecum," Exh. A). On October 24, 2016, BIG served objections to both Subpoenas and the corresponding Notice of Deposition (Exh. B) and now seeks to quash the Deposition Subpoena on the grounds specified below.

## BACKGROUND

### I. PLAINTIFF'S LAWSUIT

Plaintiff filed this lawsuit on October 3, 2014. (Docket #1) Because this Court is familiar with the proceedings, suffice it to say the lawsuit alleges that Defendant Trans Union recklessly violated the plain text of Section 613 of the Fair Credit Reporting Act (15 U.S.C. § 1681k) by failing to *timely notify* consumers that it was furnishing to third parties credit reports containing public record information. The parties have not placed the *contents* of the credit reports – beyond incorporating public records – at issue in the lawsuit.

On May 3, 2016, this Court certified the lawsuit as a class action. (Docket #79) The Court reasoned that the action centers primarily on whether Defendant Trans Union's standardized notification procedures satisfy Section 613's "at the time" requirement. The Court narrowed the certified class to consumers who were the subject of a credit report furnished by Defendant Trans Union to HireRight and BIG to ensure the certified class "satisfied Rule 23."[1]

On June 1, 2016, this Court entered its pretrial order. (Docket #82) The order opened Phase II discovery until October 31, 2016. Notice has issued to the class.[2] (Docket #90)

### II. PLAINTIFF'S SUBPOENAS AND DEPOSITION NOTICE

On October 20, 2016 – just 11 calendar days and a mere seven business days before the close of Phase II discovery – Plaintiff served BIG with the Deposition Subpoena and a Notice of Deposition pursuant to Rule 30(b)(6). (Exh. A) The Deposition Subpoena and Notice of Deposition necessarily designated the last day for Phase II discovery – October 31, 2016 – as the date for the deposition (seemingly) in Newport News, Virginia.

---

[1] The size of the class is estimated at more than a quarter of a million consumers.
[2] That notice issued confirms Defendant Trans Union has already identified the consumers who were the subject of a resold credit report containing a public record.

On October 20, 2016, Plaintiff also served BIG with the Subpoena Duces Tecum (Exh. A) It purports to require the production of the following broad categories of documents and electronically stored information by October 28, 2016:

1. All contracts with Trans Union by which You obtained data that was included in any report that you sold on or after October 3, 2012.

2. The reports described in #1 above, limited to those that included a lien, bankruptcy or civil judgment.

3. All email communications with Trans Union that contain any of the following strings: "1681k", "613" or "at the time".

The topics listed in Plaintiff's Notice of Deposition sweep even more broadly than the Subpoena Duces Tecum, as follows:

1. Any and all information related to or referenced in Plaintiffs' [Subpoena Duces Tecum];

2. Your understanding of compliance with the [Section 613], and all communications with Trans Union regarding the same; and

3. All steps taken by You to comply with the [Subpoena Duces Tecum].

On October 24, 2016, BIG served its objections to the Subpoenas and the Notice of Deposition. (Exh. B) Efforts at informal resolution were unsuccessful. (Fliegel Affidavit, Exh. C)

### III. THE LAWSUIT AGAINST BIG BY PLAINTIFF'S ATTORNEYS

On December 17, 2015, Plaintiff's same attorneys filed in Pennsylvania a similar class action lawsuit directly against BIG under Section 613: *Michael Kelly et al. v. Business Information Group*, No. 15-6668 (E.D. Va.), Exh. D (the "*Kelly* litigation"). The plaintiff –

Michael Kelly – alleges that BIG violated Section 613 when it resold a Trans Union credit report that contained a civil court record that related to his son – also named Michael Kelly. On September 15, 2016, the Court entered a scheduling order establishing various pretrial dates and allowing the parties to commence *paper discovery only*. (Docket #37, Exh. E)

## ARGUMENT

### I. The Subpoena Exceeds Geographical Limits

"A subpoena may command a person to attend a . . . deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Similarly, "[a] subpoena may command . . . production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Under Rule 45(d)(3), "the court for the district where compliance is required *must* quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." (Emphasis added).

The Deposition Subpoena purports to require BIG, a company located in Pennsylvania, to comply in Newport News, Virginia. BIG is headquartered in Pennsylvania, is not registered to do business in Virginia, and does not have any offices there. (Gaudreau Affidavit, Exh. F) The Court therefore must quash the Subpoena.

### II. The Subpoena Fails To Allow A Reasonable Time To Comply

A court "*must* quash or modify a subpoena that . . . fails to allow a reasonable time to comply." Fed. R. Civ. P. R. 45(d)(3)(A)(i) (emphasis added).

The Deposition Subpoena is interlocked with the Subpoena Duces Tecum in that the Deposition Subpoena seeks testimony both on "any and all information *related to* or referenced in" the Subpoena Duces Tecum and "all steps taken" by BIG to comply with it. Measured

- 5 -

against the reasonableness standard, the minimal amount of time allowed for non-party BIG to comply with the Deposition Subpoena is unreasonable.  (Gaudreau Affidavit, Exh. F [detailing the immense time and effort needed to even attempt compliance])  The Court thus must quash the Deposition Subpoena.

### III.     The Subpoena Is Unduly Burdensome

Rule 45(c) (3) provides that a court may quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).  Further, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed. R. Civ. P. 26(c)(1).

The Deposition Subpoena is unduly burdensome because, as noted, it is interlocked with the Subpoena Duces Tecum.  The amount of time and expense needed to attempt, much less expedite, compliance with the Subpoena Duces Tecum – and to prepare a witness to testify on BIG's behalf – is immense.  (Gaudreau Affidavit, Exh. F)

The Deposition Subpoena also seeks irrelevant information and is overbroad.  Rules 45(c) and 26(c), read together, allow a non-party to seek to quash a subpoena on these grounds because either irrelevance or overbreadth necessarily establishes undue burden. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609 (E.D. Va. 2008).

BIG is a non-party and any testimony regarding *its* "understanding" of compliance with Section 613 and steps it took to comply with the Subpoena Duces Tecum (i.e., "discovery about discovery") is irrelevant to any claim or defense in this action.  Also irrelevant is testimony from BIG concerning the subject credit reports because the *contents* of the reports – beyond incorporating public records – are not at issue in the lawsuit.  The lawsuit turns instead on

Defendant Trans Union's standardized PEER notice mailing procedures. The Deposition Subpoena is also overbroad to the extent it seeks testimony concerning "any and all information *related to* or referenced in" the Subpoena Duces Tecum. Accordingly, the Court should quash the Deposition Subpoena.

### IV. The Subpoena Seeks Information Available From Defendant Trans Union

Rule 26(b)(2)(C) states that, "on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed ... if it determines that ... the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive." Rule 45's standards for quashing or modifying third-party subpoenas are subject to the general relevance discovery limitations of Rule 26. *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012).

Taking discovery from Defendant Trans Union about *its* agreements with BIG, *its* understanding of compliance with Section 613, and *its* credit reports is far more convenient, efficient and equitable than seeking testimony on minimal notice from non-party BIG on these topics. This litigation has been ongoing for over two years. The parties have engaged in extensive motion practice and party discovery is continuing. Unlike non-party BIG, Defendant Trans Union must have one or more witnesses who already are familiar with the pertinent facts. *In re Subpoenas for Documents Issued to ThompsonMcMullan*, No. 3:16-MC-1 (E.D. Va. March 17, 2016), Docket #17 ("There is no reason to burden a third party with discovery when the opposing party has all of the information requested."). The Deposition Subpoena therefore should be quashed.

## V. The Court Should Preclude The Deposition Based On The *Kelly* Litigation

As noted, on September 15, 2016, the Court entered a scheduling order allowing the parties to commence *paper discovery only* in the *Kelly* litigation. (Docket #37, Exh. E) BIG submits that this Court has inherent authority to preclude testimony in this action about such wholly irrelevant matters as BIG's "understanding of compliance with Section 613" in order to accord proper respect to that order. *See generally Landis v. North American Co.*, 299 U. S. 248, 254 (1936) (discussing the inherent authority trial courts have to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases).

## VI. The Subpoena Is Insufficient Under The FCRA

To the extent the Deposition Subpoena seeks testimony from BIG regarding the credit reports, BIG is unable to comply based on the FCRA. The text of the FCRA provides that a consumer reporting agency may only release consumer information to a person with a "permissible purpose" for requesting the information. 15 U.S.C. § 1681b(a). "Permissible purposes" include furnishing information "[i]n response to the *order* of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury." 15 U.S.C. § 1681b(a)(1) (emphasis added). As the Federal Trade Commission ("FTC") has observed in its non-binding, advisory guidance, a subpoena such as the one issued by Plaintiff to BIG is insufficient under the FCRA. *See* FTC Staff Report, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations (July 2011) at p. 42 (stating that "[a] subpoena is not an 'order of a court' unless it is signed by a judge. Thus, administrative subpoenas, attorney-issued subpoenas, and similar formal process issued by entities other than a federal grand jury, do not provide a permissible purpose under this section.").

Plaintiff issued the Deposition Subpoena but to BIG's knowledge has not secured a court order authorizing BIG to provide testimony about the contents of such reports to him, to his attorneys, or to both. Further, although a class has been certified, BIG does not have access to the list of class members, and without development work, is unable to identify the potential class members from its own records. The Deposition Subpoena thus should be quashed.

## CONCLUSION

Non-party BIG respectfully requests that this Court grant its motion and enter an order quashing the Deposition Subpoena. Alternatively, since party discovery is ongoing, BIG requests that the Court enter an order: (1) deferring the deposition of BIG and all related paper discovery, including specifically the Subpoena Duces Tecum, until all party discovery (including any proceedings to enforce discovery) has been completed; (2) requiring Plaintiff to make a particularized showing of good cause to the Court for taking any deposition or paper discovery from BIG; and (3) allowing BIG to file a response thereto before the Court authorizes Plaintiff to take any paper or deposition discovery from BIG.[3]

| | |
|---|---|
| Dated: October 27, 2016 | By: */s/ David B. Smith* <br> David B. Smith, Bar No. 84462 <br> dbsmith@littler.com <br> LITTLER MENDELSON, P.C. <br> 1650 Tysons Blvd., Suite 700 <br> Tysons Corner, VA 22102 <br> Telephone: 703.442.8425 <br> Facsimile: 703.442.8428 <br><br> Attorneys for Non-Party Business Information Group, Inc. |

---

[3] BIG questions whether jurisdiction over BIG is properly exercise here because Plaintiff only claims he received the PEER letter late. *See Spokeo v. Robins*, 136 S. Ct. 1540 (2016). BIG has interposed an objection on this ground and respectfully reserves argument on this point.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of October, 2016, the undersigned electronically filed the foregoing *Non-Party Business Information Group, Inc.'s Memorandum in Support of Motion to Quash Plaintiff's Subpoena To Testify at a Deposition In a Civil Action* with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to the following:

Matthew J. Erausquin
Casey S. Nash
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314

Leonard A Bennett
Susan M. Rotkis
Craig C. Marchiando, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033

*Attorneys for Plaintiffs*

Alison Toepp
Travis A. Sabalewski
Reed Smith LLP
901 E. Byrd Street, Suite 170
Richmond, VA 23219-4069

Albert E. Hartman
Michael C. O'Neil
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606

*Attorneys for Defendants*

James Arthur Francis
David A. Searles
John Soumilas
Lauren K. W. Brennan
Francis & Mailman, P.C.
Land Title Building
100 S Broad Street 19th Floor
Philadelphia, PA 19110

*Attorneys for Plaintiffs*

*/s/ David B. Smith*
David B. Smith, Bar No. 84462
dbsmith@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA 22102
Telephone:    703.442.8425
Facsimile:     703.442.8428

Attorneys for Non-Party Business Information Group, Inc.